AUGUST H. GENEROTZKY

*v.*

BARNAY HOTEL COMPANY.

[Submitted October 4th, 1915. Determined October 19th, 1915.]

1. Where the owner of a hotel seized under a distress warrant money lying in the hotel safe, such seizure being after the appointment of a receiver for the hotel company tenant, but before the receiver had qualified, the seizure was without right, since title to the money vested in the receiver immediately upon his appointment.

2. The seizure of money under a distress warrant by the owner of a hotel building as belonging to a former tenant of the hotel, who had assigned his lease to another tenant with the owner's consent, was without right as against the receiver of the second tenant, where the money belonged to the second tenant.

3. Seizure of property of a corporation, after appointment of a receiver but before he takes possession, is a contempt of court.

---

On hearing on return of order to show cause why certain money should not be surrendered to receiver.

*Messrs. Wootton, Harcourt & Steelman,* for the complainant.

*Messrs. Endicott & Endicott,* for the defendant John Jamison.

LEAMING, V. C.

The facts herein are not in dispute. On the day that a receiver of the Barnay Hotel Company was appointed, but after the order of appointment had been made, a distress warrant was issued by the owner of the hotel occupied by the insolvent corporation and certain money of the insolvent corporation was thereunder seized and taken from the safe in the office of the corporation. The parties who seized the money were at the time apprised of the fact that a receiver in insolvency had been appointed. The money is still held intact awaiting the determination of the rights of the receiver.

At the time the money was seized the receiver had not qualified by filing his bond and oath of office, and it is urged that in consequence the title to the money so seized had not vested in the receiver.

That position is clearly untenable. In *Gallagher* v. *True American Publishing Co.,* 75 N. J. Eq. 171, it is held that under section 68 of our Corporation act (2 *Comp. Stat. p. 1644*) title to the property of the insolvent corporation vests in its receiver immediately upon the appointment being made, and that the statutory requirement for a bond and oath of office is not a prerequisite to the vesting of title in the receiver. It is also there held that the hours of the day on which rights arise will be ascertained by the court to determine priority of rights arising on the same day. It follows that at the time when the money here in question was seized title to the money had vested in the receiver. The money seized was, in consequence, no longer the property of the insolvent corporation, and a creditor of that corporation had no right to seize it.

It also appeared at the hearing that the distress warrant under which the money was seized was issued against the goods and chattels of Bernard Koban. The money taken was not and had at no time been the property of Bernard Koban. Koban had been a former tenant of the hotel and had long before assigned his lease to the corporation, and the owner of the hotel property covered by the lease had therefore fully recognized the assignment by collecting rent under the lease from the corporation.

It therefore adequately appears that the fund in question was seized without right and was, and still is, the property of the receiver.

It has been repeatedly held that the seizure of property of a corporation after the appointment of a receiver, and before the receiver takes possession, is a contempt of court. · In the present case, no proceedings for contempt have been taken, but an order to show cause for the return of the money to the receiver has been issued, and at the return of the order the facts above stated were ascertained.

I will advise an order directing the return of the money. A failure to return the money pursuant to the order may be made the basis of contempt proceedings.